UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACOBSPARTS, INC., ) | |
|    *Plaintiff*, ) | |
| ) | |
|    *vs*. ) | 1:12-cv-00462-JMS-MJD |
| ) | |
| UNITED INTEGRAL, INC., ) | |
|    *Defendant*. ) | |

## ORDER

Presently pending before the Court is Defendant United Integral, Inc.'s Motion to Dismiss, [dkt. 15], which the Court **DENIES** for the reasons that follow.

### I.
#### PROCEDURAL POSTURE

On April 9, 2012, Plaintiff Jacobsparts, Inc. ("Jacobsparts"), an Indiana corporation, filed suit against Defendant United Integral, Inc. ("United Integral"), a California corporation, for allegedly listing and selling counterfeit products with Jacobsparts' trademark. [Dkt. 1.] United Integral has moved to dismiss the matter pursuant to Fed. Rule Civ. P. 12(b)(2), arguing that it "has not had sufficient minimum contacts with Indiana to support personal jurisdiction." [Dkt. 16 at 1.] The Court has limited jurisdiction to determine whether United Integral has had sufficient contacts with the State of Indiana to allow this Court to exercise personal jurisdiction over it. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 465 U.S. 694, 706 (1982) ("By submitting to the jurisdiction of the court for the limited purpose of challenging jurisdiction, the defendant agrees to abide by that court's determination on the issue of jurisdiction") (internal citation omitted).

1

## II.
### DISCUSSION

The Due Process Clause of the Fourteenth Amendment to the Constitution requires that before a state may exercise jurisdiction over a defendant, the defendant must have had certain "minimum contacts" with the state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Where, as here, jurisdiction is exercised on the basis of a federal statute that does not authorize nationwide service of process, 15 U.S.C. § 1121(a), the federal district court must look to the jurisdictional statutes of the forum state. *Annie Oakley Enterprises, Inc. v. Sunset Tan Corporate & Consulting, LLC*, 703 F. Supp. 2d 881 (N.D. Ind. 2010) (citing *United States v. Martinez De Ortiz*, F.2d 376, 381 (7th Cir. 1990). Indiana Trial Rule 4.4(A) serves as Indiana's long-arm provision and expands personal jurisdiction to the full extent permitted by the Due Process Clause. *Linkamerica Corp. v. Cox*, 857 N.E.2d 961, 965-66 (Ind. 2006). Rule 4.4(A) provides "a handy checklist of activities that usually support personal jurisdiction but does not serve as a limitation on the exercise of personal jurisdiction" by Indiana courts. *Id*. at 967. Specifically, Rule 4.4(A) states, in relevant part:

> A. **Acts Serving as a Basis for Jurisdiction**. Any … organization that is a nonresident of this state …, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:
> (1) doing any business in this state;
> …
> (4) having supplied or contracted to supply services rendered or goods or materials furnished or to be furnished in this state;….

While personal jurisdiction may be either general or specific, Jacobsparts concedes that no basis exists for this Court to exercise general personal jurisdiction over United Integral. [Dkt. 38 at 1.] Therefore, the Court will only address whether it is able to exercise specific personal jurisdiction over United Integral.

Specific personal jurisdiction requires only a minimum of contacts, but it requires that the controversy be related in some way to the defendant's contact with the forum. *Int'l Shoe*, 326 U.S. at 319. The defendant must have purposefully availed itself of the privilege of conducting activities within the forum so that the defendant may reasonably anticipate being haled into court there. *Id*. (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)).

While United Integral maintains that "[e]ven if United Integral did infringe on Jacobsparts trademarks, it did so from California," [dkt. 16 at 10], its argument misapprehends the notion of purposeful availment. As United Integral has admitted, Indiana customers represent 1.7% of its total sales, [dkt. 16-1 at 3], and despite its contention that "none of the actions complained of occurred in Indiana," [dkt. 16 at 10], Jacobsparts has submitted an affidavit of an Indiana customer who received at least three of the allegedly infringing products, [dkt. 38-1]. The Court therefore finds that Jacobsparts has satisfied its burden of demonstrating that United Integral supplied accused goods to customers in Indiana and should have anticipated being haled into court in this state. *Int'l Shoe*, 326 U.S. at 319. Accordingly, the Court concludes that it may exercise specific personal jurisdiction over United Integral in this matter.

### III.
#### CONCLUSION

For the reasons stated above, the Court finds that it may exercise personal jurisdiction over United Integral in this matter. Therefore, the Court **DENIES** Defendant's Motion to Dismiss. [Dkt. 15.]

01/25/2013

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

3

**Distribution via ECF:**

Michael Paul Bishop
COHEN GARELICK & GLAZIER
mbishop@cgglawfirm.com

Paul D. Gresk
GRESK & SINGLETON
pgresk@gslawindy.com

Randolph A. Leerkamp
GRESK & SINGLETON
randolph_leerkamp@yahoo.com

Joshua Thornton Robertson
COHEN GARELICK & GLAZIER
jrobertson@cgglawfirm.com