UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACOBSPARTS, INC., | ) | |
| _Plaintiff_, | ) | |
| | ) | |
| _vs_. | ) | 1:12-cv-00462-JMS-MJD |
| | ) | |
| UNITED INTEGRAL, INC., | ) | |
| _Defendant._ | ) | |

## ORDER

Presently pending before the Court is Defendant United Integral, Inc.'s Defendant's Motion for Reconsideration, [dkt. 65], which the Court **GRANTS** for the reasons that follow.  A motion to reconsider is appropriate where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning),where a significant change in the law has occurred, or where significant new facts have been discovered. _Bank of Waunakee v. Rochester Cheese Sales, Inc._, 906 F.2d 1185, 1191 (7th Cir. 1990).   Here, the Court misunderstood whether United Integral had sold allegedly infringing products – other than those purchased to support this lawsuit – in the State of Indiana.   Additional proceedings were conducted as described below.

## I.
### PROCEDURAL POSTURE

On April 9, 2012, Plaintiff Jacobsparts, Inc. ("Jacobsparts"), an Indiana corporation, filed suit against Defendant United Integral, Inc. ("United Integral"), a California corporation, for allegedly listing and selling counterfeit products with Jacobsparts' trademark. [Dkt. 1.]  On August 2, 2012, United Integral moved to dismiss the matter pursuant to Fed. Rule Civ. P. 12(b)(2), arguing that it "has not had sufficient minimum contacts with Indiana to support

personal jurisdiction." [Dkt. 16 at 1.] The Court has limited jurisdiction to determine whether United Integral has had sufficient contacts with the State of Indiana to allow this Court to exercise personal jurisdiction over it. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982) ("By submitting to the jurisdiction of the court for the limited purpose of challenging jurisdiction, the defendant agrees to abide by that court's determination on the issue of jurisdiction") (internal citation omitted).

On January 25, 2013, the Court denied United Integral's Motion to Dismiss, basing its exercise of personal jurisdiction over United Integral on the fact that it sold products to Indiana bearing the allegedly infringing mark. [Dkt. 61.] Following United Integral's Motion for Reconsideration, [dkt. 65], the Court held a hearing on the matter during which testimony by Steven Long, United Integral's Director of Business Development, revealed that the only products bearing the allegedly infringing mark that were sold in Indiana were purchased by Jacobsparts' Vice-President Julie Gresk, which she purchased in preparation for litigation. [Dkts. 38-1 at 1; 64 at 1.] The parties agree that those transactions cannot form the basis of jurisdiction. [*See* dkt. 70 at 4.] The Court then ordered briefing on the narrow issue of whether the business United Integral has conducted in Indiana otherwise subjects it to specific personal jurisdiction in this Court.

## II.
### DISCUSSION

The Due Process Clause of the Fourteenth Amendment to the Constitution requires that before a state may exercise jurisdiction over a defendant, the defendant must have had certain "minimum contacts" with the state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Where, as here, jurisdiction is exercised on the basis of a federal statute that does not

2

authorize nationwide service of process, 15 U.S.C. § 1121(a), the federal district court must look to the jurisdictional statutes of the forum state. *Annie Oakley Enterprises, Inc. v. Sunset Tan Corporate & Consulting, LLC*, 703 F. Supp. 2d 881 (N.D. Ind. 2010) (citing *United States v. Martinez De Ortiz*, 910 F.2d 376, 381 (7th Cir. 1990). Indiana Trial Rule 4.4(A) serves as Indiana's long-arm provision and expands personal jurisdiction to the full extent permitted by the Due Process Clause. *Linkamerica Corp. v. Cox*, 857 N.E.2d 961, 965-66 (Ind. 2006). Rule 4.4(A) provides "a handy checklist of activities that usually support personal jurisdiction but does not serve as a limitation on the exercise of personal jurisdiction" by Indiana courts. *Id*. at 967. Specifically, Rule 4.4(A) states, in relevant part:

> A. **Acts Serving as a Basis for Jurisdiction**. Any … organization that is a nonresident of this state …, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:
> (1) doing any business in this state;
> …
> (4) having supplied or contracted to supply services rendered or goods or materials furnished or to be furnished in this state;….

While personal jurisdiction may be either general or specific, Jacobsparts has conceded repeatedly that no basis exists for this Court to exercise general personal jurisdiction over United Integral. [Dkts. 38 at 1; 61 at 2; 69 at 1; 78 at 2.] Therefore, the Court will only address whether it is able to exercise specific personal jurisdiction over United Integral.

For a Court to exercise specific jurisdiction over a defendant, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum so that the defendant may reasonably anticipate being haled into court there. *Int'l Shoe*, 326 U.S. at 319 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)). Specific personal jurisdiction requires only a minimum of contacts, but it requires that the controversy be related in some way to the defendant's contact with the forum. *Id*. "[S]pecific jurisdiction requires that the

suit 'arise out of' or 'be related to' [defendant's] minimum contacts with the forum state." *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

Here, the Court cannot conclude that Jacobsparts' suit arises out of United Integral's contacts with Indiana. Indeed, besides its sales to Jacobsparts' Vice-President Julie Gresk, which the Court has excluded from its consideration of jurisdictional issues, United Integral has not sold any products in Indiana bearing the allegedly infringing mark. The Court therefore finds that Jacobsparts has not satisfied its burden of demonstrating that United Integral may have reasonably anticipated being haled into court in Indiana. *Int'l Shoe*, 326 U.S. at 319. Accordingly, the Court concludes that it may not exercise specific personal jurisdiction over United Integral in this matter.

### III.
### CONCLUSION

For the reasons stated above, the Court finds that it does not have personal jurisdiction over United Integral in this matter. The Court previously misunderstood whether United Integral had sold allegedly infringing products in this state. An evidentiary hearing has established it has not. Therefore, the Court reconsiders its earlier ruling, and **GRANTS** Defendant's Motion for Reconsideration, [dkt. 65], and **DISMISSES WITHOUT PREJUDICE** Jacobsparts' claims against United Integral. Final judgment will issue accordingly.

03/08/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF</u>:**

Michael Paul Bishop
COHEN GARELICK & GLAZIER
mbishop@cgglawfirm.com

Paul D. Gresk
GRESK & SINGLETON
pgresk@gslawindy.com

Randolph A. Leerkamp
GRESK & SINGLETON
randolph_leerkamp@yahoo.com

Joshua Thornton Robertson
COHEN GARELICK & GLAZIER
jrobertson@cgglawfirm.com